WIGGINTON, Acting Chief Judge
(dissenting) .
Plaintiffs have appealed a final judgment finding the equities of this cause to be with defendants and dismissing their action with prejudice.
By the complaint filed in this cause appellants allege that they are members of the fire department of the City of Jacksonville, whose employment rights are protected under a labor contract entered into between their union, Local 1834 of the International Association of Firefighters, and appellee-City of Jacksonville. They allege that they were reduced in rank and pay as a result of disciplinary action invoked against them by the appellee-chief of the Jacksonville fire department contrary to the provisions of their labor contract. The contract in question provides that no employee shall be reduced in rank or pay or otherwise disciplined except for cause, and in no event until he shall have been furnished with a written statement of the charges and the reasons for such action. Tt is their contention that they were disciplined by being transferred to another station, which resulted in a reduction in rank and pay, without cause and without having been furnished a written statement of the charges and the reasons for such action.
This case was tried by the court without a jury. Appellees testified that the action of the chief of the fire department in transferring appellants together with the remaining eight members of the department from their station to other stations within the city was not intended to be nor did it in fact constitute disciplinary action against them, but was done for the good of the fire department in order to provide appellants and their fellow members with closer supervision and obtain from them better service commensurate with their abilities and talent. This action followed a breakdown in morale among the members which resulted from a failure of communication between the officers and men at the fire station. None of the other eight members of the department suffered a reduction in rank or pay as a result of their transfer, so no contention is made that their transfer constituted disciplinary action within the purview of their labor contract. However, there were no open billets for employees of appellants’ rank at the station to which they were transferred, as a result of which they were temporarily required to take a step down in rank and pay until billets commensurate with their former rank opened and became available. Such billets did thereafter become open and available and were offered to appellants, but the offer was rejected by them. Because their transfer resulted in a temporary reduction in rank and pay, they contend that the transfer constituted unauthorized disciplinary action violative of the terms of their labor contract.
Upon consideration of the evidence the court specifically found that appellants were not reduced in rank or pay or otherwise disciplined in violation of their labor contract and that the equities of the cause were with appellees. The court had the advantage of hearing and observing the witnesses in person and evaluating the intent which motivated appellants’ transfer and the purpose sought to be accomplished by such action. The findings and conclusions reached by the court under such circumstances carry great weight and should not be disturbed on appeal unless clearly demonstrated to be erroneous. Under the view of the evidence taken by the court, I cannot say that it abused its discretion or ar *134 rived at an erroneous conclusion in light of accepted principles of contract interpretation. Appellants having failed to make error clearly appear, the judgment appealed should be affirmed.